## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHELSEA HENKEL, LISA HASTINGS, LEONORA MOCERINO, CRAIG MOCERINO and LIZETH LARKIN, on behalf of themselves and others similarly situated,** | : | **CIVIL ACTION NO. 3:17-0384** |
| | : | **(JUDGE MANNION)** |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| **v** | : | |
| | : | |
| **STARWOOD HOTELS & RESORTS WORLDWIDE, LLC.,** | : | |
| | : | |
| **Defendant** | : | |

## <u>MEMORANDUM</u>

Pending before the court is the defendant's motion to dismiss all of the claims in plaintiffs' complaint, (Doc. 1), as time-barred by the applicable statutes of limitations. (Doc. 13). Plaintiffs Chelsea Henkel, Lisa Hastings, Leonora Mocerino, Craig Mocerino, and Lizeth Larkin (collectively, "plaintiffs"), are former employees of defendant Starwood Hotels & Resorts Worldwide, LLC ("Starwood") who worked at one of three Starwood resorts in Pennsylvania as food servers before Starwood sold the resorts in October of 2012. Plaintiffs allege that they were not paid the mandatory gratuity fee Starwood charged its customers in lieu of tipping its employees and, that Starwood failed to pay the fee to them in breach of its contract with its customers. Plaintiffs assert claims on behalf of themselves and as well as a putative class. Starwood contends that plaintiffs' claims are time-barred since

their employment with it ended in October of 2012 and plaintiffs did not file this action until March 2, 2017, beyond the two and four year statutes of limitations applicable to their claims. Alternatively, Starwood argues that plaintiffs' complaint fails to state cognizable claims.

Based upon the court's review of the relevant documents, the court will **GRANT** Starwood's motion and **DISMISS WITH PREJUDICE** the complaint as time-barred.

## I.    BACKGROUND

By way of relevant background, plaintiffs allege that they worked as food servers and café attendants in resorts Starwood operated. Plaintiffs allege that they were the type of employees who customarily received gratuities. They allege that a "written contract for services existed between [Starwood] and its customers" that included a provision for a "mandatory gratuity fee" equal to "20% of cost of the room per night." Starwood also allegedly charged a "resort fee" of $20 per night to all customers staying at their resorts. Plaintiffs allege that the gratuity fee was provided in a written contract for services between Starwood and its customers. Based on the alleged contract, Starwood provided hotel rooms to its customers and its customers paid the hotel rooms' cost. Plaintiffs also allege that, if guests inquired, Starwood's employees informed the guests that Starwood charged the gratuity fee so guests would not need to tip employees, and that the fee would be distributed

to Starwood's employees. However, plaintiffs allege that Starwood failed to distribute the tips or gratuities to them and, that Starwood kept the gratuity fee it collected from its customers. Thus, plaintiffs allege that Starwood breached its contract with its customers by failing to distribute gratuities to its service staff, including plaintiffs.

Plaintiffs filed their complaint on March 2, 2017. (Doc. 1). They assert three causes of action, namely, breach of contract as express or implied third-party beneficiaries, unjust enrichment, and conversion. They aver that this federal court has subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. §1332. On June 19, 2017, Starwood filed a motion to dismiss plaintiffs' complaint with prejudice, pursuant to Fed.R.Civ.P. 12(b)(6), as time barred. (Doc. 13). Starwood filed its brief in support on June 20, 2017. (Doc. 14). Plaintiffs filed their brief in opposition on July 28, 2017. (Doc. 20). Starwood filed a reply brief on September 1, 2017. (Doc. 23).

## II.    STANDARD OF REVIEW

Starwood's motion to dismiss is brought pursuant to the provisions of Fed.R.Civ.P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and

3

dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. Id. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *See* Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged

4

in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *See* Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. *See*, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

## III.    DISCUSSION

Initially, since the court finds that the face of the complaint conclusively establishes that plaintiffs knew or should have known of their claims at the latest in October 2012, Starwood can raise the statute of limitations defense in a Rule 12(b)(6) motion to dismiss. *See* Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (Third Circuit held that a statute of limitations defense may only be raised in a 12(b) motion "if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of

limitations.") (citation omitted). Thus, "[i]f the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." Id.

Starwood states that since it ceased operations of its resorts in October 2012, at which time the resorts began to be operated by the subsequent owner, Highgate Hotels, plaintiffs' three claims are barred by the expiration of the applicable statute of limitations.[1] Plaintiffs admit that Starwood ceased operating the resorts in October 2012. (Doc. 1, ¶15). The statute of limitations for plaintiffs' breach of contract and unjust enrichment claims is four years under Pennsylvania law. 42 Pa.C.S. §5525. The statute of limitations for Plaintiffs' conversion claim is two years. 42 Pa.C.S. §5524.

The court finds that it is clear from the face of plaintiffs' complaint that their claims are time-barred, as they were filed more than four years after the incident giving rise to their claims against Starwood, specifically, four years and five months after Starwood ceased operating the resorts. Plaintiffs allege that they "had no ability to discover" Starwood's alleged conduct "until about

---

[1]Starwood notes that after it sold the resorts in October 2012, and they continued to operate under Highgate Hotels, plaintiffs timely filed a separate action against Highgate Hotels, LP and Cove Haven, Inc. on July 23, 2015. (Doc. 14 at 11 n. 1). *See* Henkel v Highgate Hotels, Civil Action No. 3:15-CV-01435 (M.D. Pa.). The action against Highgate was filed pursuant to the Fair Labor Standards Act, the Pennsylvania Minimum Wage Act, breach of contract to an express third-party beneficiary, breach of contract to an intended third-party beneficiary, unjust enrichment, and conversion. The plaintiffs' action against Highgate is still pending in this district.

July 2015." (Doc. ¶37). Starwood argues that plaintiffs have not plead any facts in their complaint to support this allegation. Thus, it contends that plaintiffs cannot avail themselves to save their action under the discovery rule, by claiming that they timely filed this action. Plaintiffs argue that they have pled facts and circumstances that demonstrate the discovery rule is applicable. Specifically, plaintiffs alleged that they were not aware that Starwood was charging a gratuity fee and retaining gratuities paid by its customers, and that they were unable to discover this practice "until about July 2015," when their counsel learned of said practice through Starwood's prior customers. (Doc. 1 at ¶'s 36-37).

"The general rule is that the statute of limitations begins to run as soon as a right to institute and maintain suit arises." Schmidt v. Skolas, 770 F.3d 241, 250 (3d Cir. 2014) (quoting Haugh v. Allstate Ins. Co., 322 F.3d 227, 231 (3d Cir. 2003). No doubt that a plaintiff need not have "known of all the details for his cause of action to have accrued." Zeleznik v. U.S., 770 F.2d 20, 23 (3d Cir. 1985))). In *Zeleznik*, the court said:

> [T]he accrual date is not postponed until the injured party knows every fact necessary to bring his action. Rather . . . the crucial question in determining the accrual date for statute of limitations purposes [is] whether the injured party had sufficient notice of the invasion of his legal rights to require that he investigate and make a timely claim or risk its loss. Id.

While plaintiffs may not have been aware that Starwood was charging its customers gratuities, they certainly had sufficient notice that they were not

7

receiving any gratuities as was customary. In any event, since it is clear that plaintiffs did not timely file their claims based on the complaint, their claims are time-barred unless the discovery rule tolls the statute of limitations.

The Third Circuit in Schmidt, 770 F.3d at 251, stated:

The discovery rule is a judicially created device which tolls the running of the applicable statute of limitations until the point where the complaining party knows or reasonably should know that he has been injured and that his injury has been caused by another party's conduct." Crouse, 745 A.2d at 611. "In order to determine when the statute should begin to run, the finder of fact focuses on whether the plaintiff was reasonably diligent in discovering his injury." Id. "Pursuant to application of the discovery rule, the point at which the complaining party should reasonably be aware that he has suffered an injury is a factual issue 'best determined by the collective judgment, wisdom and experience of jurors.'" Id. (quoting White v. Owens–Corning Fiberglas, Corp., 447 Pa.Super. 5, 668 A.2d 136, 144 (1995)). "[O]nly where the facts are so clear that reasonable minds cannot differ may the commencement of the limitations period be determined as a matter of law." Id.

*See also* William A. Graham Co. v. Haughey, 646 F.3d 138, 141, 150 (3d Cir. 2011) (Third Circuit held that generally, the discovery rule "tolls the limitations period until the plaintiff learns of his cause of action or with reasonable diligence could have done so" and "is an exception to the usual principle that the statute of limitations begins to run immediately upon accrual regardless of whether or not the injured party has any idea what has happened to him.").

"Generally, the plaintiff bears the burden of showing that the discovery rule tolls the statute of limitations." Schmidt, 770 F.3d at 251 (citation omitted). "However, while a court may entertain a motion to dismiss on statute of

8

limitations grounds, Robinson, 313 F.3d at 135, it may not allocate the burden of invoking the discovery rule in a way that is inconsistent with the rule that a plaintiff is not required to plead, in a complaint, facts sufficient to overcome an affirmative defense." Id. (citations omitted).

The court finds that while plaintiffs invoke the discovery rule in their complaint, they fail to plead sufficient facts that show the discovery rule applies. It is simply incredulous that plaintiffs did not know they were not receiving any tips or gratuities during the years they worked as food servers for Starwood and that they did not seek to discover why, despite their allegation that they were not aware Starwood was charging 20% gratuities from its customers until July 2015, especially since they allege that such fees were customarily received for the types of jobs they performed. Nor do plaintiffs allege why they failed to take any action to try and discover why they were not receiving any tips or gratuities while they worked for Starwood. In fact, plaintiffs allege in their complaint that Starwood's agents informed customers who inquired about the gratuity fee that it "would be distributed to [Starwood's] employees so that tipping was not required for employees who customarily received tips and gratuities." (Doc. 1 at ¶'s 40, 47). Further, plaintiffs allege that the 20% gratuity fee appeared plainly on every guest contract. (Id. at ¶39).

As such, plaintiffs had sufficient information to have known that something was amiss at some point during their employment with Starwood

9

and prior to October 2012, and they should have made inquiries regarding their failure to receive any tips or gratuities. Plaintiffs argue in their brief that they were not sophisticated employees and did not know about Starwood's 20% gratuity requirement concerning its customers. However, no specialized training or knowledge was required for plaintiffs to have known that they were not receiving any tips or gratuities which employees in their positions should have been receiving. Indeed, the court finds that the true nature of plaintiffs' alleged injury was not complicated to detect. Moreover, "[a] plaintiff's ignorance regarding the full extent of his injury is irrelevant to the discovery rule's application, so long as the plaintiff discovers or should have discovered that he was injured." Stephens v. Clash, 796 F.3d 281, 288 (3d Cir. 2015) (citing Kach v. Hose, 589 F.3d 626, 635 (3d Cir. 2009) (statute of limitations begins to run "even though the full extent of the injury is not then known or predictable")). "Were it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief." Id. (quoting Wallace v. Kato, 549 U.S. 384, 391, 127 S.Ct. 1091 (2007)).

The fact of the matter is that even if plaintiffs were not aware of the alleged contract Starwood had with its customers in which it was charging them 20% gratuities until July 2015, they should have been aware that they were not distributed any of the customary tips or gratuities food servers should have received during the time they worked for Starwood and, they

should have exercised reasonable diligence to at least make some inquiry from Starwood as to why they were not getting any tips. Moreover, plaintiffs did not file their instant complaint until March 2017, which was one year and eight months after July 2015, when they allegedly first discovered their claims. However, as noted, plaintiffs filed their very similar complaint against Highgate Hotels in July 2015. *See* Henkel v Highgate Hotels, Civil Action No. 15-1435, M.D.Pa.

As Starwood points out, (Doc. 23 at 8), "the Complaint is devoid of any allegations that Plaintiffs (either individually or otherwise) ever inquired as to why employees in roles that 'customarily received tips and gratuities' allegedly received none." Nor do "plaintiffs allege that Starwood actively concealed any information regarding the gratuity fee." (Id.). Additionally, as Starwood notes, (Id.), "plaintiffs never allege a failure to receive timely wage statements or reference such wage statements as proof or an indication of no receipt or distribution of gratuity monies." (Id.). Thus, plaintiffs should have been able to discover the alleged wrongdoing by Starwood sometime prior to October 2012, and their complaint does not explain why the true nature of their alleged injury could not have been discovered within the limitations period.

## IV.    CONCLUSION

The court finds that the discovery rule does not toll the limitations period

for any of plaintiffs' three claims which were filed after the expiration of the applicable two and four year statutes of limitations. The court finds "that reasonable minds cannot differ" when plaintiffs' claims began to accrue, and, as a matter of law, the accrual date was October 2012 at the latest. Therefore, plaintiffs' claims are barred by the statutes of limitations. As such, the court will grant Starwood's motion to dismiss, (Doc. 13), since plaintiffs' complaint demonstrates that their claims are not timely. The court will dismiss with prejudice all of plaintiffs' claims in their complaint, (Doc. 1), as time-barred and, finds that it would be futile to allow plaintiffs an opportunity to file an amended complaint. *See* Alston v. Parker, 363 F.3d at 236. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: January 4, 2018**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-0384-01.wpd

12